IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**IKE SHAUNDALE NUNN,**
**ADC #152571**                                                                   **PLAINTIFF**

V.                       CASE NO. 2:18-CV-137-JM-BD

**DRUMMOND,** *et al*.                                                       **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I**.    **Procedure for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Judge James M. Moody Jr. Parties may file written objections to this Recommendation if they disagree with the findings or conclusions. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. And, parties who do not file objections may waive the right to appeal questions of fact.

**II.**    **Discussion**

Ike Shaundale Nunn, an Arkansas Department of Correction inmate, filed this civil lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #1) In his original complaint, Mr. Nunn claimed that Defendant Drummond was deliberately indifferent to his serious medical needs. (*Id*.) Later, Mr. Nunn filed an amended complaint claiming that Defendants Avery and Boatner used excessive force against him

and that both Defendant Drummond and Defendant Stevie were deliberately indifferent to his serious medical needs. (#8) The Court dismissed claims against Defendants Drummond and Stevie based on Mr. Nunn's failure to exhaust his administrative remedies. (#49)

On August 2, 2019, Defendants moved for an ordering compelling Mr. Nunn to respond to discovery requests. (#58, #60) In an August 5 Order, the Court granted the Defendants' motion to compel and gave Mr. Nunn 30 days to file discovery responses with the Court. (#61) In that order, the Court specifically cautioned Mr. Nunn that his claims could be dismissed, without prejudice, if he failed to comply with the August 5 Order. To date, Mr. Nunn has not complied with the Court's order, and the time for filing his responses has passed.

Defendants now move to dismiss all claims because of Mr. Nunn's failure to respond to discovery requests, his failure to comply with this Court's August 5 Order, and his use of threatening, profane, and harassing language towards counsel for Defendants and the Court. (#69) Mr. Nunn has not responded to the motion.

The motion to dismiss (#69) should be granted. Mr. Nunn's failure to respond to discovery requests, his threats and callous disrespect toward Defendants' counsel and the Court should not be tolerated.

### III. Conclusion

The Court recommends that Defendants' motion to dismiss (#69) be GRANTED. Mr. Nunn's claims should be DISMISSED, without prejudice, based on his failure to

respond to Defendants' discovery requests, his failure to comply with this Court's August 5, 2019 Order, and his abuse of the judicial process.

DATED this 24th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE